STATE OF VERMONT

SUPERIOR COURT                                         ENVIRONMENTAL DIVISION
                                                        Docket No. 91-7-17 Vtec

| Hawkins Bay Lane Minor SD |
|---|

## ENTRY REGARDING MOTION

Count 1, Municipal Planning Commission SD (91-7-17 Vtec)

Title:        Motion for Reconsideration (Motion 5)

Filer:        John Evans & Marjorie London

Attorney:     Michael T. Russell

Filed Date:   August 17, 2018

Response in Opposition filed on 08/20/2018 by Attorney Alexander J. LaRosa for Interested Person Tim and Betsy Etchells, Hugh and Christine McBridge, and Stuart M. MacCrellish

**The motion is DENIED.**

The present appeal is of a Town of Ferrisburgh Planning Commission's ("Planning Commission") denial of an application to amend a condition of a previous subdivision approval submitted by John Evans and Marjorie London ("Appellants"). The Court held a one-day trial at the Vermont Superior Court, Addison Unit, in Middlebury, Vermont on February 12, 2018. After the parties filed proposed findings of fact and conclusions of law, this Court issued a decision upholding the denial on August 7, 2018. The matter presently before the Court is Appellants' motion to reconsider our August 7, 2018 decision.

The Court treats motions to reconsider as motions to amend or alter a judgment pursuant to V.R.C.P. 59(e). It is within the Court's discretion to grant such a motion if necessary to relieve a party from "the unjust operation of the record resulting from mistake or inadvertence of the court and not the fault or neglect of a party." Rubin v. Sterling Enters., 164 Vt. 582, 588 (1996) (citations omitted). Motions to reconsider are "an extraordinary remedy that should be used sparingly." In re Bouldin Camp – Noble Rd., No. 278-11-06 Vtec, slip op. at 1 (Vt. Envtl. Ct. Sept. 13, 2007) (Wright, J.) (quotations omitted). Disagreement between the moving party and the Court is not grounds for reconsideration and, as such, motions to reconsider should not be submitted to repeat arguments that have been raised and rejected by the Court in its earlier decision. In re Boutin PRD Amendment, No. 93-4-06 Vtec, slip op. at 1—2 (Vt. Envtl. Ct. May 18, 2007 (Wright, J.).

There are four primary reasons to grant a Rule 59(e) motion: (1) to "correct manifest errors of law or fact upon which the judgment is based"; (2) to allow a moving party to "present newly discovered or previously unavailable evidence"; (3) to "prevent manifest injustice"; and (4) to respond to an "intervening change in the controlling law." In re Lathrop Ltd. P'ship I, Nos. 122-

7-04 Vtec, 210-9-08 Vtec, and 136-8-10 Vtec, slip op. at 10–11 (Vt. Super. Ct. Envtl. Div. Apr. 12, 2011) (Durkin, J.) (quoting 11 Wright, Miller & Kane, Federal Practice and Procedure: Civil 2d § 2810.1), *aff'd in part, rev'd in part on other grounds*, 2015 VT 49, ¶ 21, 199 Vt. 19.

Appellants have not identified any newly discovered evidence, nor any change in the controlling law.  As such, we only consider whether the motion identifies manifest errors of law or fact in our August 7, 2018 merits decision, or establishes that reconsideration must occur to prevent manifest injustice.  See In re Zaremba Grp. Act 250 Permit, No. 36-3-13 Vtec, slip op. at 2 (Vt. Super. Ct. Envtl. Div. Apr. 10, 2014) (Walsh, J.).  Finding no such error or injustice, Appellants' motion must be denied.

Appellants present two arguments as to why this Court should reconsider its August 7, 2018 decision.  Both arguments are related to whether there has been a change in circumstances predicated on a change in the relevant zoning bylaws such that the present amendment application should be granted.

First, Appellants argue that the Court erred in concluding that a single-family home could lawfully be constructed where the Appellants currently seek approval under either the 1988 or 2010 Town of Ferrisburgh By-Laws and Regulations ("Regulations").  Appellants assert that their property, when created in 1992, did not meet the minimum lot size of the Conservation District.[1] As such, they assert that an application for conditional use approval at the time the lot was created, while it could have been submitted, would have been denied.  However, they assert that when the Regulations were amended in 2001, the minimum lot size was reduced to two acres, meaning that Applicants' 10.13± lot would have then conformed with the amended Regulations.

Second, Appellants argue that it was in error for the Court to conclude that the "No Build Zone" at issue in this appeal was separate and distinct from the development restrictions contained in the applicable zoning regulations.  In making this assertion, Appellants rely upon the fact that the "No Build Zone" references the Conservation District setback that had been established under the prior Regulations.

Appellant presented both arguments at trial and in their post-trial filings that were submitted prior to the issuance of our merits decision.[2] Appellants have presented no further or alternative reasons for the Court to amend or alter our previous conclusions on these issues.

---

[1] We note that the property is located in two districts: the Rural Agricultural District and the Conservation District.  At the time the lot was created, the Rural Agricultural District has a minimum lot size of 5 acres, whereas the Conservation District has a minimum lot size of 25 acres.  The property is approximately 10.13 acres.

[2] Appellants previously addressed the issue of lot size, though with slightly different implications, in their post-trial memorandum.  Specifically, Appellants argued that due to the lot's size the relevant regulations permitted development in the Rural Agricultural District portion of the Property, but not in the Conservation District.  Presently Appellants argue that, because the lot is split between two districts, development of a single-family home was prohibited on the lot in its entirety at the time of its creation.  While Appellants did not raise this specific legal theory at trial, it is directly tied to the lots size and the implications that it has on the area of the property at issue in this appeal.  Either way, a Rule 59(e) motion is not the opportunity to present arguments that could have been raised prior to the entry of judgment.  In re Moore Accessory Structure Permit, No. 161-6-09 Vtec, slip op. at 3 (Vt. Super. Ct. Envtl. Div. Feb. 17, 2011) (Wright, J.).  We note, however, that consideration of this argument does not affect our conclusion that the "No Build Zone" was not in fact tied to the relevant zoning regime.

Instead, Appellants' motion seems to be based upon a misunderstanding of the conclusions that the Court reached and the factual underpinnings for such conclusions.

The Court concluded that the "No Build Zone" was not tied to the regulations that were in place at the time of its imposition and, therefore, changes in zoning regulations effecting the property are irrelevant to the consideration of whether an amendment is justified. In re Hawkins Bay Lane Minor SD, No. 91-7-17 Vtec, slip op. at 10—11 (Vt. Super. Ct. Envtl. Div. Aug. 10, 2018) (Durkin, J.). This was based on the relevant setback requirements in place at that time and credible testimony regarding the intent of the parties that created the "No Build Zone," specifically with respect to the topography of the land and neighboring property owners' concerns regarding development in the area.

This conclusion was further supported by a foundational premise stated in our merits decision: that the Planning Commission had approved the 1992 creation of Applicants' undersized lot under the 1988 zoning regime. Whether that decision was correct or not is immaterial to our analysis of whether development could occur under the 1988 Regulations, since the decision to allow the creation of an undersized lot was now final.[3] Appellants subsequently received a building permit to construct a single-family home pursuant to the same zoning regime.

Appellants' motion does not address this important factual background or its impact on our legal conclusions. Instead, Appellants' motion seeks to repackage and rehash arguments previously considered and rejected by the Court. Therefore, despite disagreeing with the Court's conclusion, they point to no persuasive justification for disturbing our merits decision.

For the above stated reasons, we decline to reconsider our August 7, 2018 merits decision. Therefore, we **DENY** Appellants' motion for reconsideration.

**So Ordered.**

Electronically signed on January 11, 2019 at Brattleboro, Vermont, pursuant to V.R.E.F. 7(d).

_____
Thomas S. Durkin, Judge
Environmental Division

Notifications:

Michael T. Russell (ERN 2640), Attorney for Appellant John Evans and Marjorie London
Alexander J. LaRosa (ERN 5814), Attorney for Interested Persons Betsy and Tim Etchells,
    Hugh and Christine McBride, and Stuart M. MacCrellish
Benjamin W. Putnam (ERN 1198), Attorney for Interested Person Town of Ferrisburgh

---

[3] Appellants assert that the Court raised the issue of whether the lot was improperly created sua sponte. However, the lots creation and size have been thoroughly discussed by the parties. Further, as we conclude above, whether the lot was properly created is immaterial to our current legal conclusions.